but recourse may be had to the trust deed to determine their maturity.

3. ACTION, § 68*—*when not prematurely brought on guaranty of payment of bonds and interest.* Where the trust deed securing bonds provides that on the failure or refusal of the maker of the bonds to pay the bonds or any of them or any instalment of interest when due and payable and if the same shall remain unpaid for a period of thirty days, then all of the bonds shall become due and payable, an action may be brought on a guaranty given to secure the payment of the bonds on a default in the payment of interest, even though the time fixed in the bonds for the maturity of the principal has not arrived.

4. GUARANTY, § 12*—*when guarantor not liable for interest.* Where the maturity of bonds is accelerated by bankruptcy proceedings against the maker or by default in the payment of interest thereon, as provided by the trust deed securing them, and the principal and interest to the date of the accelerated maturity are paid, one who had guaranteed the payment of the principal and interest of the bonds cannot be held liable for interest accruing after the accelerated payment.

5. BANKRUPTCY, § 59*—*what is liability of guarantor upon bankruptcy of debtor.* There is some force in the contention that section 16 of the Bankruptcy Act was intended to prevent, in the interest of creditors, a codebtor or guarantor from escaping liability in a contract by reason of the bankruptcy of a debtor.

6. APPEAL AND ERROR, § 542*—*what must be pointed out in trial court.* Refusal to grant a motion to strike out the answers of a witness is not error where the grounds on which the motion is based are not pointed out to the trial court.

---

## Jacob Gottlieb, Appellee, v. Andrews & Company, Appellant.

### Gen. No. 24,144.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOHN F. HAAS, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed July 1, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by Jacob Gottlieb, plaintiff, against Andrews & Company, a corporation, defendant, to recover back payments made by plaintiff, during infancy, on a contract for the purchase of corporate stock entered into by him during infancy and disaffirmed after coming of age. From a judgment for plaintiff for $155, defendant appeals.

MAURICE ALSCHULER, for appellant.

MAGUIRE & MOONEY, for appellee.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 19*—*when right to judgment on pleadings not waived.* Under Hurd's Rev. St. ch. 110, sec. 55 (J. & A. ¶ 8592) where, in an action to recover back payments made under a contract during infancy, plaintiff sets forth in his statement of claim that he, while under the age of 21, entered into a contract with defendant under which he agreed to purchase certain shares of stock, that he paid a specified sum thereon, that he became of age on a specified date and thereafter disaffirmed the contract and demanded the return of the amount so paid, and files an affidavit in support of his statement and it does not appear that defendant filed any affidavit denying the allegations of the statement of claim or in support of any defense to the action, plaintiff is entitled to a judgment, and his right is not waived by the introduction of evidence in support of the statement of claim.

2. MUNICIPAL COURT OF CHICAGO, § 29*—*what not judicially noticed on appeal.* The Appellate Court will not take judicial notice of the rules of the Municipal Court of Chicago.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.